UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANE ERIC GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00475-JDL |
| | ) | |
| ALLAN H. WEINER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION TO DISMISS COMPLAINT**

After granting Plaintiff's motion for leave to proceed in forma pauperis (Order, ECF No. 4) and following a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, on November 2, 2016, the Court issued an Order for Service, which order directed Plaintiff to provide the full names and addresses of the defendants for service. (ECF No. 6.) The order also directed the clerk, upon receipt of the information from Plaintiff, to prepare the service documents for the U.S. Marshal.

Because Plaintiff did not provide the information, on December 20, 2016, the Court issued an Order to Show Cause. (ECF No. 8.) In the Order, the Court noted Plaintiff's failure to comply with the Order for Service, and ordered "that on or before January 3, 2017, Plaintiff shall either provide the information, or show cause in writing as to why Plaintiff has failed to comply with the Court's order. If Plaintiff fails to provide the information or show cause by January 3, Plaintiff's complaint could be dismissed." (*Id.*) Plaintiff has neither provided the information, nor filed anything with the Court.

## Discussion

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). "The authority to order dismissal in appropriate cases is a necessary component of that capability." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F. 3d 1, 4 (1st Cir. 2002).

In this case, Plaintiff has been afforded more than two months to provide the Court with the information required for service of process upon the named defendants. Plaintiff has not only failed to provide the required information, but also has not communicated with the Court in any way in response to the Court's Order for Service or its Order to Show Cause. In fact, Plaintiff's last filing, a motion to amend his complaint, was docketed on September 30, 2016. (ECF No. 5.) Plaintiff's failure to comply with the Court's orders and his lack of communication with the Court for more than three months constitutes a failure to prosecute. Given Plaintiff's failure to prosecute and given that the matter cannot proceed without service of process upon the defendants, dismissal is warranted.

The issue is whether the matter should be dismissed with prejudice. As a general rule, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *Vazquez–Rijos*, 654 F.3d at 127. Because Plaintiff's failure to prosecute occurred at the initial stage of the proceeding and thus the defendants have not incurred the time and expense of litigation, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of January, 2017.